May it please the Court, good morning, my name is Kevin Kono and I represent the plaintiffs appellants Landphere Enterprises et al in this case. This case is both about claim and issue preclusion and about premature adjudication on the merits. With respect to preclusion, although one might be misled by the fact that the advertising content at issue in this case and the advertising content at issue in the Jiffy Lube case contain similar misrepresentations under the law of claim and issue preclusion and the facts of this case, the present case is not precluded. Claim preclusion does not apply because the claims in this case are not identical to the claims in the Jiffy Lube case and because the defendants in this case are not in privity with the defendant in Jiffy Lube. Issue preclusion does not apply to bar litigation of any issue in this case because the falsity or unlawfulness of the advertising content at issue has never been adjudicated and there is no other issue in this case that could bar litigation. But this case is about more than simply claim and issue preclusion. The District Court properly recognized that this case brings new and different allegations that were not and could not have been brought in the Jiffy Lube case. The defendants recognized this as well, precipitating their belated submission of factual evidence purporting to address the merits of those new allegations for the first time with their reply. The District Court's analysis should have ended with that recognition that this case brings new and different claims, but instead the District Court went on erroneously to adjudge those claims on merits. Despite the fact that the defendants had urged that their motion was limited to the purely legal issue of claim and issue preclusion, despite the fact that the defendants had urged that all that was necessary in this case was an examination of the complaint in this case and an examination of the proposed amended complaint in the Jiffy Lube case and the opinion in the Jiffy Lube case. You agree that some of the issues were the same? The only issue that arguably could have any preclusive effect is the issue that was just discussed in the previous case, and that is whether advertisements that Jiffy Lube authorized during a distinct time period caused damages. But that issue does not have bearing in this case or preclude litigation in this case, number one, because the content, again, it would be one thing if in the Jiffy Lube case the court had ruled these statements are not false, and then we would arguably be in a situation where we would have a ruling. Well, it did, in effect, make that ruling, didn't it? It did not rule in effect. In effect, because it gave judgment for the other side on the merits. It did give a judgment to the other side on the merits. I'm not saying it alleges that they're false. An examination of the opinion in Jiffy Lube reveals that the district court did not reach the issue or rule in any way on the falsity. Are we concerned here with the claim preclusion or issue preclusion? Well, the defendants moved on both grounds. The district court granted summary judgment in part on claim preclusion, in part on issue preclusion, and in part on the merits. The issue preclusion ruling related to the plaintiff's Lanham Act claim in this case. Having determined that there were no new issues with respect to new allegations based on its previous judgment in this case, that on the merits, even though that wasn't the scope of the motion and there had been no discovery in this case, that on the merits those new allegations failed, and with respect to the remainder of the case, the issue of whether Jiffy Lube's advertisements caused damages barred relitigation of that portion of the case. Can I ask you to get specific about what's different about this case? Certainly. What's different about this case is we have different defendants who have an independent, as Jiffy Lube stated in the Jiffy Lube case and it's part of the record in this case, these defendants have the independent ability and authority to authorize ads separate and apart from Jiffy Lube. Did they put on different ads? Well, that is a question that addresses the merits of this case, and we believe that they do. The precise scope of the advertising of these defendants has never been determined. In the Jiffy Lube case, that was information that Jiffy Lube responded. That's the franchisee's responsibility, and we do not assume responsibility for those advertisements. In this case, we have pending discovery requests that sought the very scope of the radio and television advertising that these defendants have engaged in, and the defendants moved to stay discovery, arguing that no factual issues were raised by their motion. The plaintiffs moved to compel discovery. Is that something you should know before you file a lawsuit against them? Absolutely, and it is our good faith belief that these defendants have aired radio advertisements separate and apart from Jiffy Lube. So when they submit declarations or whatever evidence that says, we don't have anything that talks to that issue, what's your appropriate response to fend off summary judgment? Well, first of all, it's important to note that those declarations were submitted for the first time on reply. No factual issues were raised in their motion, and so the plaintiff's response was properly limited to the legal issues of claim and issue preclusion in the comparison of the complaints in which we pointed out this case brings different allegations. Did you apply for permission of the district court to file a supplemental presentation on your part that was denied? We did not make any motion to strike or to file a surreply, in part because, again, their summary judgment motion was limited in scope and it set out in our briefs with respect to the defendant's burden of production and the fact that a nonmoving party doesn't need to produce anything if the party doesn't meet its burden of production. But more importantly, we believe that the district court would recognize that any adjudication on the merits of these claims was absolutely premature. Again, there had been no discovery, and, in fact, the defendants had moved to stay discovery and plaintiffs had moved to compel discovery of the very issues that the district court found to be uncontroverted. And with respect to their declarations, and this is set out in the briefs, particularly with respect to radio advertising, that declaration does not in any way address the scope of the franchisee's radio advertising. First of all, it only relates to advertising at all up to February of 2002, which is not the entire time period at issue in this case. It doesn't address advertising relating to all of the statements at issue in this case, and, in fact, only addresses two advertisements that these franchisees created and makes no representation that the declaration addresses all of the issues and all of the advertisements that these franchisees have authorized. Well, if the court has already determined that the survey evidence offered up in the other case, which didn't try to distinguish between ads placed by Chiffy Lube itself and ads placed by the Chiffy Lube franchisees because the listener wouldn't have a clue, that's not going to cut it. So I'm not quite sure I understand the significance of the distinction in this case as to who placed the ad and maybe they placed separate ads that spoke to those issues. If it's the same issues, why doesn't the decision in the first case operate to cover those as well? Well, I would agree that there's a strong argument that with respect to the radio advertisements during the time period covered by the Chiffy Lube case, there's an argument for inclusion. The survey limited itself. Granted, the survey was taken at certain points in time, but the survey did not limit itself, as I recall, to ads aired during any particular time period. Well, as you point out, necessarily limited in time period because of the whole event. Subsequent events certainly would be outside. Okay. But it didn't say, and now I lose track of what date is what, but it didn't try to limit itself to the particular dates that were at issue in the Chiffy Lube case, so presumably it covered whatever the listener might have heard up to the point in time of the survey. I guess the second one was September, so up to the point of September. I think things after that might have been subject to different survey results. But at least before that date, it seems to me it's the same thing. Well, I would agree that with respect to the radio advertisements, there's a strong argument that up to the date of that second survey, there may be an issue of inclusion problem. But I would also emphasize that this case brings television advertisements. Well, what's the difference between the radio and television? The content of the ad is the same. The advertising goes over a different medium makes it a different issue. Absolutely. With respect to I think that anyone in advertising would argue that television advertising has a very different impact on a consumer as compared to radio advertising, even if the message conveyed is the same. It has nothing to do with whether or not there's a landmark violation when it goes on the radio or TV. It has nothing to do with whether there's a landmark violation, but it has very much something to do with whether the issue litigated in Jiffy Lube has any preclusive effect on the television advertising claim in this case. But the issue litigated in Jiffy Lube doesn't depend on whether it's on radio or TV. Well, the issue that was actually decided in Jiffy Lube was whether a survey addressing radio advertisements caused consumers to go to Jiffy Lube instead of a Landfear dealership. It in no way addressed the effect of television advertising. And that survey was in no way limited. By its terms, but I have difficulty believing that respondents to the survey have neatly sorted out in their minds their reactions. Or more importantly, since the survey was placed in a more hypothetical fashion, would you have? Well, if I heard it on the radio, I wouldn't. But if I'd seen it on TV, I surely would have done this. I mean, that's just that's just implausible. Well, but we are dealing with a different audience here. We may have a whole different population of folks who weren't influenced or did not hear radio advertisements or television only viewers who are affected differently by by television, notwithstanding. And again, the survey in the Jiffy Lube case was not focused on the content. It didn't address whether is this advertising content actionable? Are these statements false? The issue in Jiffy Lube was limited to technical assertions that the survey was conducted improperly with respect to this limited pool of radio advertisements that happened to have indeed the same content. But with respect to causing damages and secondly, consumer behavior changes over time. And so that to the extent that we are encompassing a different time period here, I think we have a different issue as to whether that same content can cause damages. All right. Now, speaking about time, this case alleges, I guess, additional ads in a different time period, right? Later time period. Is that right? Correct. But were the contents of those ads different from the contents of the ads in the earlier period? No, it wasn't the same about the certified technician. I guess the same thing. The general content was was the same. So. So then if that's true, the fact that there's an additional time period doesn't make any difference in terms of identity of claim. In terms of identity of claims, it still is very much a different and distinct claim. And this court has set forth several factors to consider to determine whether claims are identical. And that is, for example, in the Littlejohn case. But the most important of which is, does the claim arise from a different transactional nucleus of facts? So when we look at what is the nucleus of facts at issue in Jiffy Lube, it is Jiffy Lube's authorization of radio advertisements during a certain time period. The transactional nucleus of facts at issue in this case are radio and television advertisements, independently authorized by different parties over a different medium, reaching a different audience over a different time period. So we have an entirely distinct nucleus of facts here, which means that we have a distinct claim. Thank you. We'll still give you a minute for rebuttal. Thank you. May it please the court and counsel. My name is Scott Shore. I'm here for the appellees in this case, Doorknob Enterprises LLC, and all of the Jiffy Lube franchisees in this matter. This is the exact, well, nearly 100 percent exact same case that you previously heard and was just argued and was decided, the Jiffy Lube matter. This case arises out of the same transactional nucleus of facts, the same operative facts, and indeed, as I'll discuss, identical allegations of false advertising. So the core operative facts that we're litigating in this matter have already been litigated in the Jiffy Lube matter and decided in that case. In terms of the structure of my discussion, I'd like to talk first about the pleadings and the opinion, because I think this court can decide this case just on a review of the pleadings and the opinion in the prior Jiffy Lube case. Even if it does not decide this case on those grounds, it can also look to the declarations that were submitted in this matter. Again, in this litigation, the exact same false radio advertising allegations are repeated verbatim in this case, as were previously alleged in the Jiffy Lube case. It is a pure cut-and-paste job. They take the allegations from the prior case and stick them into the new case and assign a new defendant. There's nothing different at all with respect to the radio advertisements. What about in so far as the judgment in this case rests upon issue preclusion? What about the argument we just heard that, well, in the Jiffy Lube case, the court really didn't reach most of the issues on the merits? Well, I believe in the Jiffy Lube. Such as falsehood. The Jiffy Lube case, the court reached the issue of causation and damages. That clearly applies to the radio advertisements that are also raised in this case. I think it also, based on the ambiguity of a number of the questions that could arguably apply to both the radio and the television advertising, it arguably applies to the television advertisements as well. If we're going to look beyond the collateral estoppel, the issue is could these issues have been raised in the prior case on a res judicata basis? And comparing the complaints, these issues could have been raised in the prior case. Indeed, they were raised in the prior case. Usually, you know, when you talk about could these issues have been raised, I know that it does cover issues that could have been raised. They're talking about, those cases are talking about raised against the same defendant, right? Well, there are raised judicata cases, including those cited in the briefs, where there are a number of defendants, same operative facts. They proceed first. They choose to proceed first against a number of defendants, then choose next to proceed against separate defendants that are in privity or in some significant close relationship with the prior defendants. And there's raised judicata effect. You're finding your privity? The court did find privity. On what basis? On a couple of basis. Not just that there was a franchise or a franchisee relationship, although I think that's very significant in this case. The fact that the same operative facts and the same conduct is alleged against both, I think, shows a close relationship that's sufficient under the standard. And in this case, the court also looked at the fact that if we're litigating the same advertisements produced by Jiffy Lube, and there's no evidence of any other advertisements, the franchisees would have an indemnity claim against the franchisors under those circumstances. An indemnity claim is one indicia of a possible privity relationship. Well, that last point seems to me, I don't know, speculative. It depends on who thought up this campaign in the first place. Well, there's no evidence on that. Well, the evidence that's submitted declarations are that there are no ads at issue in this litigation other than ads previously produced by Jiffy Lube that were litigated in the prior case. So to that extent, yes, the franchisees would have an indemnity claim relating to those ads. What about the argument that, well, in this second case, this doorknob case, the complaint alleges ads that were aired in a different later time period? That's the contention that's made in the argument. When you look at the complaint itself, you just don't get any sense of that. There's no specific allegation of here is an advertisement that was aired subsequent, even with respect to the all that's alleged with respect to the radio advertising is that there have been ads that have been continuing to the present date of the complaint. With the television advertisements, there's not even that allegation. And respectfully, the plaintiffs in this case had a higher burden as a Lanham Act case, as a false advertising case, to specifically allege the fraud and the time and content of the false advertising. And there was no basis for that in the complaint. That's why we initially moved just against the complaint. The defendants, excuse me, the plaintiffs said, well, there are additional ads that may have occurred since. And we submitted the declarations on reply to show there were no advertisements that have been aired since the operative period of the prior case. With respect to the. You know, you think. I don't know the outcome on any of these issues that possibly, possibly, possibly been affected. If Lanham had the opportunity for some discovery. I don't think so, Your Honor. I think all that they needed to do to raise a summary judgment issue of fact is submit one affidavit from either one of these prior survey participants or anyone else that said they saw a new ad that had the content that they alleged in the complaint. That was all that was necessary to raise a summary judgment issue. And frankly, that should have been raised in the initial complaint with a specific identification of the new ad that they claim that they're discussing. That's different from the ads that were litigated in the Jiffy Lube case. The time period. A couple of things made me think about that. One is that it's understood that advertising is something that has a cumulative effect. So the advertisement might not have much impact. But after a while, people have heard it enough that it's ingrained in it. It could potentially have a greater impact. So you might not be able to cause to demonstrate causation after a certain period of time. But later, you got the greater impact. And maybe you can develop evidence of causation. Does the later time period give reason not to preclude this current claim? Well, I think, Your Honor, they still, in response to our summary judgment motion, had to come up with some evidence or point to somewhere in the complaint where there was evidence of a new ad. Anything? Not necessarily a new ad. Just playing the same ad over and over and over again. Well, I think, respectfully, Your Honor, if they're playing the same ad over and over again, they would clear it. And they're seeking damages for those ads. Those ads are clearly already litigated by the res judicata effect of the prior litigation. So I'm saying, are they? If, in fact, there's an observable phenomenon, and I've only read about this, that you need to hear an ad a certain number of times before it really sinks in. I remember reading last year during the political campaign, they talked about after you've heard it for the God knows how many times, then you start to get the message. And could it be said that, okay, there's really not much impact. They can't show causation because people really haven't gotten this message about Jiffy Lube after the first time period. But you play it for another year, and, by God, people start reacting differently and are affected by it, and we can develop evidence of causation then. The court really shouldn't develop rules based on that type of hypothetical. What I'm saying is that you didn't win your summary judgment based on defeating the evidence they submitted of causation. You won your summary judgment based on claim preclusion because of what happened in the prior case. We're now looking at a case that goes into a later time period. Is it fair to assume that the evidence presented the first time is the only evidence you're going to be able to develop on the issue of causation the second time, with this additional year or whatever of advertising exposure? Maybe I've misunderstood the question, but I think that would give anyone in a radio advertising case an open ended opportunity to relitigate those issues in successive cases. Question is, why shouldn't they have the opportunity? And maybe you can. I can clarify. Judge Clifton, the hypothetical this way. Suppose the second complaint alleged and by the continual repetition of these ads. Right. The doorknob reinforced the false assumption contained in the ad and which cause in and which repetition caused consumers to believe these untrue facts. Suppose they had that additional allegations. Would it be a different case? I think that's the question. Well, as you point out, there was allegations aren't in here. But if they had, I don't think you can change the rules on race judicata to take into any unique speculation about the effect of advertising. If we have an antitrust violation that's fully litigated because there's a continuing claim of an antitrust violation that doesn't. That claim has been already litigated. And the continuing impact of the claim violation doesn't give rise to a new case. There's been a race judicata when they decide to litigate the first case. If if they wanted to wait for a certain period and wait for some cumulative effect, if that's what happens here and then bring that case, maybe they have that case. But instead, they decided to see Jiffy Lube first on the advertisements, litigate those issues. And it was their choice to then sue the franchisees on the same advertisements. I'm over my time if I could make one final point. I think this court should affirm the decision. However, if it does not affirm, it should remand only as to those issues that arise after December 20th. I think it was 2002. Let me check on that. What is the date? What is the date? The date that I'm mentioning is the proposed amended complaint that was litigated in the Jiffy Lube action and that counsel agreed. Lanphier agreed was litigated in the Jiffy Lube action. The six radio advertisements that the court considered in Jiffy Lube and that were raised again in this case. Thank you. Just respond first to that last point. The December 20th proposed amended complaint never became part of the case in Jiffy Lube. Well, it is correct that the court acknowledged in response to that motion to add that complaint. The judge said she considered those allegations. Yes, but that in no way altered the time period that was at issue in the Jiffy Lube case. And you touched on the issue of privity, which is, again, one requirement of the application of claim preclusion is that the parties are the same or in privity. And here the only evidence in the record of privity is the bare fact of a franchisee franchise or relationship. And that is insufficient to support a finding of privity. And in fact, what about the similarity of the advertising campaign? Well, I don't believe that the similarity in the advertising campaign speaks to the relationship between these two. The defendants here and Jiffy Lube International, because Jiffy Lube has said specifically that these defendants have the independent ability to create and authorize their own advertisements. And that's what we're talking about here. And the indemnity, you know, the maybe that speculated, but the court speculated that there's probably a right to indemnification. Well, I think you're exactly right that it's speculation. The franchise agreements have never been provided. They were not provided in the Jiffy Lube case. The subject of a discovery request in this case that have not been provided. The defendants offered no franchise agreement language that would support a claim of indemnity. And in fact, what is part of the record here is that Jiffy Lube has said these defendants authorize their own ads independently. We do not assume responsibility for those ads. Weren't these the same defendants you tried to add to the other case? It is true that initially in the Jiffy Lube case, Jiffy Lube was the sole defendant. When it came to light in discovery in that case that, as I indicated, Jiffy Lube pointed out that these franchisee defendants have their own ability to create advertisements. Lanphier moved to amend the complaint to add these defendants. The district court denied that motion because it would destroy diversity. And the case would have to be remanded back to the state court. And for case management reasons, the court decided not to do so. So the denial was purely a case management ground. It wasn't that, no, these people are so separate, they're not germane to the original case. In fact, you thought they belonged in the original case. So it's hard for me to understand how they couldn't have sufficient connections to satisfy the privity requirement. And you were going to bring them in together. Well, we were going to bring them in together simply because, again, from a case management standpoint, the district court disagreed that that was necessary and found that there was no reason that we couldn't sue separately in state court as to these defendants. And the reasons that the district court denied the motion to amend are set forth in her opinion. And, again, it was jurisdictional and for case management reasons. I'll try to give you 20 seconds without interrupting you so you can say what you really want to say. Well, I think I've hit all of my issues. One additional point would simply be with respect to the different time periods. Parkins amusement is the case that speaks to this issue. And what it tells us is that when there is new conduct alleged in a different time period, as opposed to simply subsequent market consequences, that that gives rise to a new claim that is not precluded. And here we're not saying that the ads that aired in time period one have continued to cause us damage alone. We're saying they've continued this advertising campaign, and that constitutes new conduct giving rise to a new claim. Thank you. Thank you. We thank both counsel, all counsel in both cases for well-argued positions. The case just argued is taken under submission, and we are in recess for the day. OK. All rise.
judges: Goodwin, Tashima, Clifton